UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILLIE CONLEY, JR.<br>　　Plaintiff<br><br>v.<br><br>1008 BANK STREET, LLC D/B/A<br>RIVERSIDE AUTO II,<br>　　Defendant | CIVIL ACTION NO.<br><br><br><br><br><br>MARCH 2, 2020 |

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Connecticut Retail Installment Sales Finance Act, Conn. Gen. Stat. § 36a-770 *et seq.* ("RISFA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

### II. PARTIES

2. Plaintiff, Billie Conley ("Conley" or "Plaintiff"), is a consumer residing in Woodbridge, Connecticut.

3. Defendant 1008 Bank Street, LLC d/b/a Riverside Auto II ("Riverside Auto" or "Defendant") is a Connecticut limited liability company and is licensed to operate an automobile dealership in New London, Connecticut.

### III. JURISDICTION

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640, 28 U.S.C. § 1331, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Riverside Auto because it is located in Connecticut and is organized under Connecticut law.

6. Venue in this Court is proper because all of the parties are located in this state and the transaction occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. Prior to July 16, 2019, Plaintiff saw a 2012 BMW 750i (the "Vehicle") for sale on Facebook Marketplace for a sale price of $15,900. The advertisement did not disclose a dealer conveyance fee.

8. On or about July 10, 2019, Conley visited Riverside Auto to test drive the Vehicle, and he met with Riverside Auto's salesman, Sean Richard ("Richards").

9. After Conley completed a credit application, Richards told him the sale price of the Vehicle would be $16,500.

10. Conley objected to the price, and Richards told him the increased price because of his credit rating.

11. Conley agreed to purchase the Vehicle, and further agreed to pay a down payment of $6,500.00.

12. Unbeknownst to Conley, on or about July 13, 2019, Riverside Auto prepared a Retail Installment Contract (the "Contract") and electronically forged his signature on the contract and submitted the forged Contract to Sensible Auto Lending, LLC ("Sensible").

13. Conley could not have signed the forged Contract on July 13, 2019 because he was out of state on that date.

14. The forged Contract listed the price of the Vehicle as $17,566.80, including sales tax of $1,066.80, and a cash down payment of $6,250.00, even though Conley had not yet paid a down payment. The forged Contract also included a charge of $395 for GAP, which Conley neither requested nor desired. The forged Contract included an assignment to Sensible.

15. Conley returned to Riverside Auto on July 16, 2019 to pay the down payment, finalize the purchase and sign the contract documents.

16. Riverside Auto presented Conley with the forged Contract and instructed him to sign next to the forged electronic signature.

17. Conley noticed the GAP charge on the Contract, and when he asked Riverside Auto about the charge, Riverside Auto told him a GAP addendum was required by the lender, Sensible Auto Lending.

18. After Conley signed the Contract, Riverside Auto requested he pay the $6,500 down payment. Conley questioned the down payment because the Contract listed only $6,250, and Riverside Auto told him that $150 of the down payment would be applied to registration costs, and the remaining $100 would be applied towards his first loan payment. Plaintiff gave Riverside Auto a bank check in the amount of $6,500.

19. Soon after taking delivery of the Vehicle, Plaintiff began to experience problems with the Vehicle's engine including smoke coming from the Vehicle's exhaust, problems with the tires and a foggy mirror. Additionally, the tires were worn and unsafe.

20. Plaintiff was able to get most repairs performed under warranty, however, he paid $1,103.27 to Town Fair Tire for new tires and installation; $1,295.56 to BMW of North Haven for engine repairs not covered under warranty, $400.30 to BMW of North Haven to replace ignition coil, and $630.11 to replace the mirror, for a total of $3,429.24.

21. On October 22, 2019, Plaintiff, through counsel, served notice on Riverside Auto that he was rescinding the transaction due to violations of the Connecticut Retail Installment Sales Finance Act, and he demanded a return of all sums paid under the Contract. Plaintiff retained possession of the Vehicle pursuant to his security interest pursuant to Conn. Gen. Stat. § 42a-2-711(3).

22. Sensible has agreed to the rescission of the Contract and it has returned the amounts paid to it under the Contract to Plaintiff.

23. Riverside Auto has failed to return any sums paid by Plaintiff.

24. Sensible has retained the title to the Vehicle pending a determination of this case against Riverside Auto, but it has agreed to release the title in accordance with this Court's determination of the rights of the Vehicle between the Plaintiff and the Defendant.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT

25. Riverside Auto is a "creditor", as that term is defined by 15 U.S.C. § 1602(f) of TILA and Regulation Z, 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. § 1026.2(a)(17) because Riverside Auto regularly extends credit to car purchasers and entered into such transactions at least 25 times in the calendar year preceding the sale to Plaintiff.

4

26.     The Contract fails to include the $600 increase in sale price and the $395 GAP charge, which were incidental to the extension of credit, as part of the finance charge and instead includes it as part of the amount financed.

27.     Additionally, by failing to accurately list the down payment in the Contract, all of the TILA disclosures that were provided to Conley are inaccurate in violation of Regulation Z.

28.     Riverside Auto is liable to Plaintiff for actual damages plus additional statutory damages of $2,000 and attorney's fees and costs.

### B. RETAIL INSTALLMENT SALES ACT

29.     The Contract is a retail installment sales contract within the meaning of RISFA.

30.     Riverside Auto violated RISFA by its failure to obtain Plaintiff's signature to the Contract.

31.     Riverside Auto further violated RISFA, Conn. Gen. Stat. § 36a-772(a), because the true annual percentage rate is in excess of 19% as a result of Riverside Auto's failure to include the $600 price increase and the $395 GAP charge as part of the finance charge.

32.     Riverside Auto further violated RISFA as follows:

   a. Through its violations of TILA, as pled above, which constitute violations of RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b);

   b. By inaccurately listing the amount paid for a down payment; and

   c. By having Plaintiff sign a back-dated contract.

33. Additionally, if Riverside Auto's statements are true that a portion of the $250 discrepancy in the down payment was for the first installment payment, the payment schedule in the Contract is inaccurate in violation of RISFA.

34. Additionally, if Riverside Auto's statements are true that a portion of the $250 discrepancy in the down payment was for registration of the Vehicle, Riverside Auto further violated RISFA which requires that the contract state all aspects of the parties' agreement.

35. Plaintiff demanded a rescission of the Contract and, despite Sensible's agreement to rescind the Contract, Riverside Auto refused to return the amounts paid by Plaintiff.

36. Plaintiff is entitled to a rescission of the Forged Contract due to the violations of RISFA, and a return of all amounts paid.

37. Additionally, Plaintiff seeks an order permitting him to sell the Vehicle and to apply the sale proceeds towards his claim for damages.

### C. CIVIL FORGERY

38. Riverside Auto forged Plaintiff's signature on the Forged Contract.

39. Riverside Auto is liable to Plaintiff for double his damages pursuant to Conn. Gen. Stat. § 52-565.

### D. CONNECTICUT UNFAIR TRADE PRACTICES ACT

40. Riverside Auto violated CUTPA in the following ways:

   a. The violations of TILA and RISFA as aforedescribed;

   b. It forged Plaintiff's electronic signature on the Forged contract;

      c.    It sold the Vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1); and

      d.    It failed to disclose the dealer conveyance fee in its advertisement.

41.    Riverside Auto's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA, and it has caused Plaintiff to suffer ascertainable losses and damages in that he paid more than the advertised price, he lost his down payment.

42.    Riverside Auto is liable to the Plaintiff for his actual damages plus punitive damages and a reasonable attorney's fee and costs.

WHEREFORE, Plaintiffs claim actual damages, TILA statutory damages of $2,000, double damages, punitive damage, an order permitting him to sell the Vehicle and apply the sale proceeds towards his claim for damages, an order granting rescission of the contract, and attorney's fees and costs.

PLAINTIFF, BILLIE CONLEY, JR.,

By: /s/
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Brendan L. Mahoney (ct29839)
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457